IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRANCE HALL**                                                                         **PLAINTIFF(S)**

**V.**                         **CIVIL ACTION NO. 4:22-CV-3-DMB-DAS**

**TOWN OF GUNNISON, MISSISSIPPI**
**And NAKETA JOHNSON**                                                  **DEFENDANT(S)**

## ORDER GRANTING IN PART
## AND DENYING IN PART MOTION TO COMPEL

The court has before it the plaintiff's third motion to compel discovery from the defendant Town of Gunnison, Mississippi.

The court notes that when pressed for an explanation as to why discovery should be granted, the plaintiff has repeated the same argument for every request -- that the interrogatories were served on March 1, 2022 and the defendant did not respond within thirty days of receiving the interrogatories. Therefore, the plaintiff argues all objections should be waived. After considering the matter, the court does not agree.

While the general rule requires a response to written discovery without leave of court, no interrogatories may be served until after the parties' pre-discovery conference. If served before that date, requests for production, are deemed served as of the date of the pre-discovery conference. Fed.R.Civ.P. 26d(1) and (2). Given the parties had not swapped pre-discovery disclosures as of the date of the case management conference on July, 5, 2022, the court uses that date as the starting date for the thirty days. Consequently, the responses to discovery were not untimely and the objections are not waived.

1

The court rules on the individual requests as follows:

**Interrogatory No. 1:** Please state your name, your present home address, your employer's name and business address, and the title you hold with the named defendant, or the capacity in which you are associated with said defendant.

**Ruling:** The defendant shall identify the individual executing the interrogatories for the defendant and provide the other requested information, except for the home address. The interrogatory responses as originally served and the supplemental responses per this order shall be executed under oath as required by the rules.

**Interrogatory No. 2:** Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**Ruling:** The defendant's response of "Mississippi Municipal Liability Plan," is inadequate. The defendant shall respond to the interrogatory providing the requested information or alternatively may produce a copy of the declarations page for the policy to the plaintiff.

**Interrogatory No. 3:** Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**Ruling:** The defendant objected that the discovery sought is beyond the scope of discovery. This objection is overruled. However, per the plaintiff's complaint, the only witnesses to the incident as described in the complaint are the plaintiff, his mother, and Nakeeta Johnson. The defendant responded that neither the current Mayor nor Town Clerk have any

information about the incident. This may be a complete response. If the defendant obtains further information, aside from any obtained from the plaintiff or his mother, they will timely supplement the response.

**Interrogatory No. 4:** State the facts upon which you rely for each affirmative defense in your answer.

**Ruling:** The defendant objected that the interrogatory was compound, overbroad, vague, and remote. This objection is overruled, and the defendant shall provide known facts supporting its affirmative defenses.

**Interrogatory No. 5:** Do you contend any person or entity other than you is, or maybe, liable in whole or in part for the claim asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contentions, the facts or evidence upon which your contentions are based, and whether or not you notified each such person or entity of your contentions.

**Ruling:** The defendant objected to this interrogatory as overly broad and unduly burdensome, irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. The defendant also objected on the grounds that the interrogatories were compound, overbroad vague, and remote. It then answered: "Not at this time."

The objections are overruled, except that the defendant need not provide the legal basis for its contentions. The defendant shall supplement its response if it contends, now or in the future, that some other person or entity may be liable.

**Interrogatory No. 6**: State the names and addresses of all persons known to you or to your insurance company or attorney who witnessed any part of the incident or have knowledge

3

of the events leading up to said incident and give a brief description of all whose names and or addresses are not known.

**Ruling:** The defendant objected to the interrogatory as overly broad and unduly burdensome and seeking irrelevant information. This objection is overruled. It also objected that the interrogatory was vague. On the facts set out by the complaint, which does not allege any "events leading up to the incident," other than those involving the plaintiff, his mother and the defendant, Johnson, the court agrees that this portion of the interrogatory is vague and sustains the objection as to that part of the interrogatory. Also, the defendant has produced a list of potential witnesses, and it shall supplement the list to provide contact information for the listed witnesses if known or acquired.

**Interrogatory No. 7.** Were any statements concerning the incident made to any police officer, private investigator, insurance company agent or adjuster, or anyone else? If so, state:

a) the name, address and employer of the person to whom the statements were made;

b) the date of each statement;

c) whether the statement was oral or written, and if oral, whether it was recorded;

d) the name and address of the custodian of each statement.

**Ruling:** The defendant objected on the grounds that the discovery was overbroad and unduly burdensome and the information irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. It also objected that the interrogatories were compound, over broad, vague, and remote. These objections are overruled. The defendant's only substantive response was to explain that the town has no knowledge of the incident to which the plaintiff refers, but this answer is not responsive. The defendant will identify whether it has taken any

4

statements in this case and provide the name and contact information of any potential witness from whom it has taken a statement.

**Interrogatory No. 8.** Please describe in complete detail the training policy for defendant's Police Department.

**Ruling:** The town's objections are overruled. In response to Interrogatory No. 9, the defendant explained that the Mississippi Delta College in Morehead, Mississippi provides the training for the police department. Given that the town does not provide the training for its officers, the motion to compel is denied as to this interrogatory.

**Interrogatory No. 9.** Please describe in complete detail the training program defendant have[sic] for its Police Department.

**Ruling:** The motion to compel is denied as to this interrogatory.

**Interrogatory No. 10:** Please describe in complete detail the defendant's training procedures for its police department.

**Ruling:** The town responded that the Mississippi Delta College in Morehead, Mississippi is where the Police Department trains. Given that the town does not provide the training for its officers, the motion to compel is denied as to this interrogatory.

**Interrogatory No. 11:** State the dates, beginning to end, defendant Nakeeta Johnson attended training school for defendants Police Department, the nature of his training and the name and address of training school, please.

**Ruling:** The defendant's objections are overruled, except as to the nature of this training. The defendant explained it would supplement, and the court finds it shall attempt to obtain the necessary information and supplement its response.

5

**Interrogatory No. 12:** Please describe in complete details as to why defendant Nakeeta Johnson is not employed by the town of Gunnison, Mississippi anymore and when did he get fired or resign?

**Ruling:** The defendant objected that the information was subject to the attorney-client privilege and work product and may contain the mental impressions of counsel but has not provided any privilege log or other information to allow the court to assess the validity of the claim of privilege, as required by the local rules. The objection is, therefore, overruled. The defendant substantively answered that Johnson's employment was terminated based on a lack of funding. The town will supplement its responses to provide any other reasons for the termination, or, if applicable, that there are no other reasons. Also, the defendant will provide to the plaintiff the date Johnson was released from employment with the town of Gunnison.

**Interrogatory No. 13:** List the names and addresses of all persons who are believed are known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specifically the subject matter about which the witness has knowledge.

**Ruling:** The defendant's objection that the interrogatory is compound, overbroad, vague, and remote, and the court finds this is not a valid objection to the commonplace interrogatory. However notwithstanding the objection, the defendant referred the plaintiff to the witness list. The court finds that to clarify matters the defendant should provide specifically what the plaintiff seeks – that is, the names and addresses of anyone it knows has knowledge concerning the issues in this lawsuit.

**Interrogatory No. 14:** Have you heard, or do you know about any statement or remark made by or on behalf of any party to this lawsuit; If so, state the name and address of each

6

person who made the statement or statements, the name and address of each person that heard it, and the date time and place and substance of each statement.

**Ruling:** Defendants objected to this interrogatory on multiple grounds. The court agrees that the interrogatory is over broad and vague and repetitive. Accordingly, the motion to compel is denied as to this interrogatory.

**Interrogatory No. 15:** Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, and a summary of the grounds for each opinion.

**Ruling:** The defendant objected to the interrogatory because it seeks information about expert opinions and testimony. The objection is overruled. The defendant also responded substantively that, "We are still trying to make a final decision with regards to expert witness and will supplement accordingly. The town may call: Life Help employees, Kim Morrison to explain the physiology (sic) instability of Terence Hall." The court notes that the case management order provides the deadline for the designation of experts not later than January 6, 2023. Consequently, the motion to compel a response at this time is denied. Compliance with the requirements for designation under the case management order will be a sufficient response to this interrogatory.

**Interrogatory No. 16:** Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages suit upon [in] this case? If so, state the terms of the agreement and the parties to it.

**Ruling**: The defendant again objected invoking attorney-client and work product privileges without a privilege log or other information to allow the court to assess the claim of privilege. This objection is, therefore, overruled, but the defendant substantively responded in the negative. After considering the matter, the court orders the defendant to supplement its response to this interrogatory if, and when it enters into any such agreement.

**Interrogatory No. 17**: Please cite if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**Ruling:** The town's objection based on attorney-client and work product privilege is overruled. The town has not met its burden of establishing the existence of a privilege as to any of the documents or information at issue. Notwithstanding the objection, the town responded that to the best of its knowledge it had not been in another lawsuit. The town shall take reasonable steps to ascertain if it has been a party to any litigation alleging misconduct by any town law enforcement officer or any injury, physical or pecuniary, sustained, or alleged to be sustained and caused by a law enforcement officer. The town shall respond with the requested information for any litigation within five years of this order.

R**equest for Production No. 1**: Produce the town of Gunnison, Mississippi's police department's training procedures.

**Ruling:** The defendant objected based on attorney-client and work product privileges. The objection is overruled because it was not properly presented. The town is ordered to supplement its response to advise if there are any responsive documents and to produce those documents if they exist.

**Request for Production No. 2**: Produce any and all documents related to the training program for the town of Gunnison Police Department.

**Ruling:** The defendant objected based on attorney-client and work product privileges. The objection is overruled because it was not not properly presented. The town is, therefore, ordered to supplement it response to advise if there are any responsive documents and to produce those documents.

**Request For Production No. 3:** Produce the town of Gunnison, Mississippi Police Department training policy.

**Ruling**: The defendant objected based on attorney-client and work product privileges. The objection is overruled because it was not properly presented. The town is ordered to supplement it response to advise if there are any responsive documents and to produce those documents.

**IT IS, THEREFORE, ORDERED** that the Town of Gunnison shall file supplemental responses as above directed, under oath by a representative for the town within twenty-one days of this order. It shall also provide the original interrogatory responses under oath within that time.

**SO ORDERED** this the 11th day of November 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**