IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRANCE HALL, an individual**                         **PLAINTIFF**

V.                                                  NO. 4:22-CV-3-DMB-DAS

**TOWN OF GUNNISON,**
**MISSISSIPPI, a public entity; and**
**NAKETA JOHNSON, an individual**                       **DEFENDANTS**

**ORDER**

On August 12, 2022, the Court denied without prejudice Terrance Hall's pro se motion for a default judgment against Naketa Johnson due to Hall's failure to comply with the Local Rules—specifically, his failure to file a "separate memorandum brief in support of his motion" and failure to designate each exhibit with a meaningful description. Doc. #48. Hall then filed a pro se "Motion for Entry of Final Default Judgment and Memorandum of Law" on September 19, 2022. Doc. #65. However, his new filing still violates the Local Rules,[1] which contemplate two separate documents—a motion and a memorandum. *See* L.U. Civ. R 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion …."). To the extent the filing is urged to be a motion, it improperly contains legal citation. *See* L.U. Civ. R. 7(b)(2)(B) ("[A] motion … may not contain legal argument or citations to case law or other secondary authority."). And to the extent the filing is submitted as a memorandum, it is insufficient because while it cites the complaint to set forth the facts Johnson is deemed to have admitted by failing to appear, it does

---

[1] Although pro se litigant's filings are liberally construed, they still must "reasonably comply" with a court's rules. *Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019); *see Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers.").

not apply those facts to the relevant law to show that Hall is entitled to relief against Johnson.[2] *See Gurung v. Holder*, 587 F. App'x 834, 837 (5th Cir. 2014) ("Briefs are inadequate if they … fail to apply the proper test for the disputed issues."). Because of these deficiencies, Hall's motion [65] is **DENIED without prejudice**.

    **SO ORDERED**, this 13th day of March, 2023.

                                                              **/s/Debra M. Brown**
                                                              **UNITED STATES DISTRICT JUDGE**

---

[2] Further contrary to the Local Rules, a proposed order is attached to the filing. *See* Doc. #65-2; L.U. Civ. R. 52(a) ("All proposed orders and judgments must be submitted directly to the district or magistrate judge assigned to the case via electronic mail ….").